816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James SALISBURY, Plaintiff-Appellee,
v.
PHILIP W., INC., Defendant-Appellant,
 No. 86-5362.
 United States Court of Appeals,
Sixth Circuit.
 April 2, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Philip W., Inc., appeals from a judgment in favor of plaintiff-appellee James Salisbury in this action under the Jones Act, 46 U.S.C. Sec. 688, and under general maritime law to recover damages for injuries plaintiff sustained while a crew member aboard the M/V Philip W. For the reasons that follow, we affirm.
 
 I.
 
 2
 On December 13, 1984, the M/V Philip W., a river towboat, was traveling upstream on the Ohio River preparing to tie a number of barges together for purposes of transport. The M/V Philip W. was defective in that the gear box for the port engine would remain in forward gear for as long as three minutes after the pilot attempted to disengage. As the M/V Philip W. approached the barge ahead of it, the port engine refused to disengage, and the pilot was unable to slow the vessel. The M/V Philip W. collided with the barge ahead of it and recoiled, striking a barge on its starboard side. Plaintiff was injured when the M/V Philip W. struck the barge on its starboard side.
 
 
 3
 Plaintiff brought this action alleging that the defective gear box rendered the M/V Philip W. unseaworthy and . that defendant's operation of the vessel with the defective gear box constituted negligence. The jury permitted plaintiff to recover on the negligence claim, but denied plaintiff recovery on the unseaworthiness claim. The district court entered judgment for plaintiff, and the instant appeal ensued.
 
 II.
 A. Inconsistent Verdict
 
 4
 Defendant argues that the jury's findings that defendant was negligent and that the M/V Philip W. was not unseaworthy are inconsistent or, in the alternative, that the jury's negligence finding was premised on a theory of pilot error which was not included in plaintiff's complaint or the pretrial memorandum. There is, however, no requirement that because the jury returned a verdict finding negligence, it should have also returned a verdict finding unseaworthiness.
 
 
 5
 Jones Act negligence and unseaworthiness are two separate and distinct claims. requiring two different standards of proof for causation. The Jones Act ... requires only that the defendant's negligence contribute in any way, however slight, in causing the plaintiff's injuries.... On the other hand, in order to prove a claim of unseaworthiness, a plaintiff must show that the unseaworthy condition of the vessel was the proximate or direct and substantial cause of the seaman's injuries. .
 
 
 6
 Gosnell v. Sea-Land Service, Inc., 782 F.2d 464, 467 (4th Cir. 1986) (citations omitted); see also Smith v. Trans-World Drilling Co., 772 F.2d 157, 162 (5th Cir. 1985).
 
 
 7
 The district court correctly instructed the jury that causation under the Jones Act is satisfied if defendant's negligence "played a part, no matter how small, in bringing about or actually causing the injury or damage." In contrast, the district court instructed the jury that causation for the unseaworthiness claim is satisfied if "the unseaworthy condition is a substantial cause of the injury complained of." The jury's findings are not irreconcilable since the jury could have "found that plaintiff met his causation burden under the Jones Act 'producing cause' standard, but not under the more rigorous unseaworthiness proximate or substantial cause standard." Gosnell, 782 F.2d at 467.
 
 
 8
 Although the district court admitted evidence indicative of pilot error,[1] the district court did not permit the jury to premise a finding of negligence on "pilot error." The district court instructed the jury as follows:
 
 
 9
 Specifically, the Plaintiff alleges that the Defendant permitted the Philip W. to be operated on the Ohio River with a known defect in the gearbox to the port-side engine, and that the gears would not readily or normally shift and that this condition was the cause in whole or in part to or of the negligent operation of the vessel....
 
 
 10
 So, in order to prevail on his claim under the Jones Act, the Plaintiff must establish ... that the Defendant was negligent as claimed ....
 
 
 11
 Trial Transcript at 409-10. Defendant's argument is, therefore, without merit.
 
 B. Sufficiency of the Evidence
 
 12
 Defendant argues that the district court erred in denying its motion for a directed verdict and judgment notwithstanding the verdict on the Jones Act claim. This court, in determining whether a directed verdict or j.n.o.v. should have been entered, applies the same test as does the trial court in passing on the original motion. 9 C. Wright & A. Miller, Federal Practice and Procedure Secs. 2536, 2537 (1971). "In Jones Act cases, a directed verdict or j.n.o.v. is proper only where there is a complete absence of probative facts supporting the nonmover's position." Theriot v. J. Ray McDermott & Co., 742 F.2d 877, 881 (5th Cir. 1984); see also Lavender v. Kurn, 327 U.9. 645, 653 (1946); Clark v. Kentucky & Indiana Terminal R.R., 728 F.2d 307, 310 (6th Cir. 1984); Johnson v. Bryant, 671 F.2d 1276, 1279 (11th Cir. 1982); Joyce v. Atlantic Richfield Co., 651 F.2d 676, 682 (10th Cir. 1981). "[S]o long as there is evidence from which an inference might rationally be drawn, either about how the accident happened or about whether the defendant's conduct was negligence, it is for the jury to accept or reject that inference, even though the inference may be quite an improbable one and some other inference highly probable." 9 C. Wright & A. Miller, supra, Sec. 2526, at 555.
 
 
 13
 Defendant contends that the record does not contain "any probative facts" which would support a finding that defendant's negligence caused plaintiff's injury. To the contrary, plaintiff testified that the defective gear box made the vessel much more difficult to stop or slow down and that during the trip upriver the defective gear box stuck causing the M/V Philip W. to enter a lock chamber much faster than it normally would. More importantly, plaintiff testified that as the M/V Philip W. approached the barge train the pilot hollered out, "I can't get her to back down; hold on; we're going to hit." Plaintiff further testified that the M/V Philip W. struck the barge ahead of it "extremely hard" and recoiled downstream, striking the barge on its right. Plaintiff concluded that the failure of the port engine to disengage caused the collision with the barge ahead and contributed to the collision with the barge on the right.
 
 
 14
 Plaintiff's testimony is corroborated by the deposition testimony of the pilot, John Boyd, that the "rough bump" with the barge on the right was caused, at least in part, by the failure of the port engine to disengage. Boyd testified:
 
 
 15
 And now with running water, which means the river was up a little bit and it gives you more current coming down on you, that also helps us to set in faster than normal. But the thing about the engine, now that was one thing that helped too. I have two things working against me at that time is what I'm saying.
 
 
 16
 * * *
 
 
 17
 If it hadn't been for that, I could have at least landed a little lighter. I'm not saying I could have completely stopped it, but I could have slowed it down a little better.
 
 
 18
 Trial Transcript at 207.[2] Since a Jones Act defendant is liable if his negligence played any part, even the slightest, in producing the injury, the testimony discussed hereinabove constitutes a sufficient basis to sustain the jury's verdict.
 
 
 19
 Defendant also argues that the district court erred in denying defendant's motion for new trial on the ground that the jury's verdict was against the weight of the evidence. The decision whether to grant a motion for new trial on the ground that the verdict is against the weight of the evidence is committed to the sound discretion of the district court, and the district court's decision will not be reversed absent a clear abuse of that discretion. See SCNO Barge Lines, Inc. v. Anderson Clayton & Co., 745 F.2d 1188, 1193-94 (8th Cir. 1984). Defendant has failed to establish that the district court abused its discretion.
 
 III.
 
 20
 Accordingly, the judgment of the district court is AFFIRMED.
 
 WELLFORD, Circuit Judge, concurring:
 
 21
 I have considerably more difficulty with this case than do my fellow Judges. Plaintiff did not clearly assert in his pleadings, and at the pre-trial, that he was relying on pilot error as a basis for his Jones Act claim. He relied upon this contention, however, at trial without adequate notice to defendant. The physical circumstances of the "bumping" do not, in my view, comport with plaintiff's version of the cause of his injury. That the port engine did not disengage properly is undisputed; the problem I find is connecting causally that defect with plaintiff's injury since he was not hurt when the original impact occurred. With some reluctance, I concur that there was not an abuse of discretion in the district court's refusal to set aside the negligence verdict, although at the same time the jury found for defendant on the unseaworthiness claim, which involved directly the contention concerning the defective condition of the port engine. In sum, I find this to be a very close case. The difficulties mentioned may even have mandated a new trial. I concur because there is some credible evidence upon which the jury may have based its verdict.
 
 
 
 [1]
 Defendant has not argued that admission of this evidence prejudiced the jury's determination of the Jones Act claim
 
 
 [2]
 Although Boyd recanted at trial, his deposition testimony was read to the jury and could be considered as substantive evidence. See Fed.R.Civ.P. 32(a)(1); Fed.R.Evid. 801(d)(1)